94 F.3d 645
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Minh TRAN, a/k/a Lam Van Nguyen, a/k/a David Minh Tran,
Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 95-6454.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1996.
 
 Before: BROWN, MARTIN, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In June 1995, Defendant Tran pleaded guilty, pursuant to a plea agreement, to a violation of 18 U.S.C. § 371 (Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. § 1344). He was sentenced to 24 months in prison and three years of supervised release. A co-defendant named Niravong also pleaded guilty to the same charge, but was sentenced to only two months in prison, six months of home detention, and three years of supervised release.
 
 
 2
 At sentencing, the government's evidence showed that Tran had recruited co-defendant Niravong to cash fraudulent checks at several Nashville banks. Niravong recruited at least three friends to help cash checks in furtherance of the scheme. Tran took the names of these other people and transmitted them to a "Mr. Ly" in California, who then sent the completed forged checks back to Tran in Tennessee. Tran would give the checks to Niravong, who would round up the "gang" and go cash the checks. They would return to Tran's apartment, where Tran would give 25% of the proceeds back to Niravong, to be divided up among the gang, while Tran kept the remaining 75% for himself.
 
 
 3
 At Niravong's sentencing hearing, the district court made an error in defining his aggravating role. The court imposed only a two-level enhancement for being a leader or organizer as defined in USSG § 3B1.1(c). Implicit in this enhancement was the finding that fewer than five people were involved in the conspiracy, and therein lay the error. Both sides agree that at least five people were involved in the conspiracy. However, the government did not appeal the result of this finding. In fact, because of Niravong's cooperation, it recommended a downward departure, which the district court granted, resulting in the light sentence noted above.
 
 
 4
 When Tran was sentenced one month later, the trial court found that Tran was a leader or organizer of a criminal activity that involved five or more participants, and imposed a four-level enhancement as mandated by § 3B1.1(a). Tran's lawyer objected, pointing out that Niravong got a lower enhancement. The district court even admitted that Niravong should have received a three-level enhancement, but went ahead with the sentencing as indicated above. Tran's sentence was correct. In United States v. Feinman, 930 F.2d 495, 500 (6th Cir.1991), we held that once a district court makes the predicate factual findings for an adjustment under § 3B1.1, it has no discretion in whether to apply this adjustment to the defendant's base level. In this case, the district court made specific findings that Tran was an organizer and that there were five or more people involved, thus mandating a four-level enhancement. Nothing Tran argues contradicts this.
 
 
 5
 Tran's argument that the district court should have been bound by its earlier finding in Niravong's sentencing hearing that there were fewer than five people involved in the conspiracy is misplaced. Taken to its logical conclusion, this argument says that any time there are separate defendants in a conspiracy case, findings made at the first sentencing bind all subsequent fact-finders. This is clearly not the law. These two defendants have never been treated as if they were part of the same case, so the findings from one case need not apply to the other.
 
 
 6
 Tran argued further that the disparity between the two sentences mandated a reevaluation of Tran's sentence. What this fails to take into consideration is that Niravong benefitted from a downward departure based on the recommendation of the government, and Tran did not. As the government pointed out in its brief, "Niravong's guidelines became well nigh irrelevant when the district judge granted a departure motion, thereby permitting a discretionary sentence as to that defendant." Furthermore, a sentencing court may not depart from the proper guidelines range in order to address a perceived sentence disparity. "[T]his circuit has ruled that a District Court may not depart downward under the Guidelines for the purpose of harmonizing the sentences received by codefendants." United States v. Romano, 970 F.2d 164, 167 (6th Cir.1992).
 
 
 7
 We find nothing in the record to suggest that the district court erred in calculating Tran's sentence. We therefore AFFIRM the district court's decision in all respects.